MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace, Esq. [MF-8436]
110 East 59th Street, 32nd Floor
Telephone:    (212) 317-1200
Facsimile:    (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
WILLY RENGIFO,

|  |  |
|---|---|
| *Plaintiff*, | **COMPLAINT** |
| -against- | **06 CV 4266** |
| EREVOS ENTERPRISES, INC., | **Jury Trial Demanded** |
| URANOS CONSTRUCTION CORP., | |
| MIHAIL VASTARDIS | **ECF Case** |
| & TOMMY VASTARDIS, | |
| *Defendants*. | |

--------------------------------------------------------X

Plaintiff Willy Rengifo ("Plaintiff" or "Rengifo"), by and through his attorneys, Michael Faillace & Associates, P.C., complain of Defendants Erevos Enterprises, Inc., Uranos Construction Corp., Mihail Vastardis, and Tommy Vastardis, as follows:

### NATURE OF ACTION

1.      Plaintiff was employed as a construction worker by Defendants Erevos Enterprises, Inc. and Uranos Construction Corp from on or about June 2001 to on or about April 25, 2006. At times relevant to this complaint, Defendants required Plaintiff to work in excess of forty hours per week without paying him overtime compensation in violation of state and federal labor laws.

2.      In addition, Defendants discriminated against Plaintiff on the basis of his race by denying him the same terms, conditions, and privileges of employment as similarly situated non-

Hispanic employees. Specifically, Defendants compensated Plaintiff at a lower rate of pay than similarly situated non-Hispanic employees and created a hostile work environment by harassing him on the basis of his race, where the harassment culminated in a physical attack upon Plaintiff.

3. Plaintiff now brings this action to recover unpaid overtime wages, "spread of hours" pay, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), N.Y. Lab. Law § 190 *et seq.*, and the "spread of hours" wage order of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.4 (2005) (herein the "Spread of Hours Wage Order"). Plaintiff also seeks to recover damages against Defendants for violations of his rights under Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"), the New York State Executive Law, §290 *et seq.* (the "Human Rights Law"), the Administrative Code of the City of New York, §8-107 *et seq.* (the "City Law"), and state tort law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b), 42 U.S.C. § 1981 and 28 U.S.C. § 1331. Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

5. Venue is proper in this District under 28 U.S.C. §1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in the State of New York within this district. Defendants employed Plaintiff in this district.

## THE PARTIES

6. Plaintiff Willy Rengifo is an adult individual residing in Queens County, New York. He was employed by Defendants as a construction worker from on or about June 2001 to on or about April 25, 2006.

7. Defendant Erevos Enterprises Corp. ("Erevos") is a New York corporation whose headquarters are located at 125 East 90th Street, Suite 1C, New York, New York 10128. Erevos is an enterprise engaged in interstate commerce and has gross annual sales of over $500,000.

8. Defendant Uranos Construction Corp. ("Uranos") is a New York corporation whose headquarters are located at 123 East 90th Street, Suite 1C, New York, New York 10128. Uranos is an enterprise engaged in interstate commerce and has gross annual sales of over $500,000.

9. Defendant Mihail Vastardis ("Mike") is an individual engaged in business in the City and County of New York. Mike, who is sued individually in his capacity as an owner, officer, manager, and/or agent of Defendant Erevos, resides in Queens, New York 11360. Upon information and belief, Mike has the power to hire and fire employees, set their wages, set their schedules and maintain their employee records.

10. Defendant Tommy Vastardis ("Tommy") is an individual engaged in business in the City and County of New York. Tommy, who is sued individually in his capacity as an owner, officer and/or agent of Defendant Erevos. Upon information and belief, he has the power to hire and fire employees, set their wages, set their schedules and maintain their employee records.

## STATEMENT OF FACTS

11.     At all times relevant to this action, Plaintiff was employed as a construction worker for Defendants. As such, Plaintiff's work was involved with or related to the movement of goods for interstate commerce.

12.     From June 2000 until 2003, Defendants paid Plaintiff entirely in cash. From 2003 until the present, Defendants paid Plaintiff in both check and cash.

13.     From on or about June 2000 until on or about April 2004, Plaintiff worked approximately 58 hours per week: he worked from 8:00 A.M. until 8:00 P.M. four days of the week and from 8:00 A.M. until 4:30 P.M. two days per week. During this time period, Defendants paid Plaintiff approximately $560 per week.

14.     From on or about April 2004 until on or about August 2005, Plaintiff worked approximately 55 hours per week: he worked from 8:00 A.M. until 8:00 P.M. three days of the week and from 8:00 A.M. until 4:30 P.M. three days per week. During this time period, Defendants paid Plaintiff approximately $675 per week.

15.     From on or about June 2000 until on or about April 2004, Plaintiff worked approximately 58 hours per week: he worked from 8:00 A.M. until 8:00 P.M. two days of the week and from 8:00 A.M. until 4:30 P.M. four days per week. During this time period, Defendants paid Plaintiff approximately $840 per week.

16.     Erevos and Uranos are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

17.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York State Labor Law by neglecting to

maintain accurate timesheets and payroll records. Specifically, Defendants neglected to maintain records indicating the actual number of hours Plaintiff worked each day and the total number of hours they worked each workweek.

18. At no time during the course of this action did Plaintiff ever observe on Defendants' premises any posted notice regarding employees' rights under the Fair Labor Standards Act, New York State Labor Law and Regulations or the procedures for filing a charge for violations of these state and federal labor laws.

19. Defendants compensated Plaintiff and other Hispanic employees at a lower rate than non-Hispanic employees. For example, Defendants compensated a Greek employee named Paris approximately 60% more per week than Plaintiff even though they performed the same tasks and held substantially the same job responsibilities. When Plaintiff complained about the pay differential and asked for pay raise, Tommy replied, "You get paid less because you don't speak English."

20. Tommy, Mike, and Nico, the Greek foreman, constantly harassed Plaintiff and the other Hispanic employees through constant verbal abuse and derogatory remarks based on their race. They called Hispanic workers "stupid," and referred to them as "morons" or "pieces of shit." In addition, they also commented to Plaintiff, "you people fuck like rabbits. How many kids do you have? You're just garbage workers." In addition, management scrutinized the work of Hispanic employees and often prevented them from taking their breaks.

21. On or about April 25, 2006, Mike terminated Plaintiff's employment and physically assaulted him, shouting, "You Hispanics are useless." Mike punched Plaintiff three times on the left side of his face, and after Plaintiff had fallen to the ground, Mike kicked him in the back. Mike fled the scene before the police and ambulance arrived. Mike, in striking and

kicking Plaintiff, was not acting in the regular course of his employment, and Plaintiff's injuries were not a natural incident to the work which he was required to perform.

22. Plaintiff was transported by ambulance to Saint Vincent Catholic Medical Center, where he received treatment for the contusions to his face and buttocks caused by Mike's attack. Plaintiff continues to suffer great physical pain to his neck and back, as well as mental pain, sleeplessness, anguish and distress.

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938

23. Plaintiff alleges and re-alleges the paragraphs above.

24. At all times relevant to this action, Plaintiff was engaged in interstate commerce in an industry or activity affecting commerce.

25. At all times relevant to this action, Defendants were engaged in interstate commerce or in an industry or activity affecting commerce.

26. Erevos and Uranos constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(r). Defendants have at least two employees individually engaged in commerce and had an annual gross volume of sales in excess of $500,000 for each year relevant to this action.

27. At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff, control his terms and conditions of employment, and determine the rate and method of any compensation in exchange for his employment.

28.     Defendants intentionally failed to pay Plaintiff overtime compensation at the rate of one and one-half times his regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

29.     Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

30.     Plaintiff has been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## VIOLATIONS OF NEW YORK LABOR LAW

31.     Plaintiff alleges and re-alleges the paragraphs above.

32.     At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff, control his terms and conditions of employment, and determine the rates and methods of any compensation in exchange for his employment.

33.     Defendants willfully failed to pay Plaintiff overtime compensation at the rate of one and one-half times his regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor.

34.     Defendants did not pay Plaintiff within "seven calendar days after the end of the week in which the wages are earned," and thus failed to pay Plaintiff in a timely fashion, in violation of N.Y. Lab. Law § 191.

35.     Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

36.     Defendants' New York Labor Law violations have caused Plaintiff irreparable harm for which there is no adequate remedy at law.

37.     Plaintiff has bee been damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSION OF LABOR

38.     Plaintiff alleges and re-alleges the paragraphs above.

39.     Defendants failed to pay Plaintiff one additional hour's pay at the basic minimum wage rate before allowances for each day his spread of hours exceeded ten in violation of the wage order of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.4.

40.     Defendants' failure to pay Plaintiff an additional hour's pay for each day his spread of hours exceeded ten was willful within the meaning of N.Y. Lab. Law § 663.

41.     Plaintiff has bee been damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### VIOLATION OF SECTION 1981 OF THE CIVIL RIGHTS ACT OF 1866

42.     Plaintiff alleges and re-alleges the paragraphs above.

43.     At all times material herein, Defendants were Plaintiff's employer within the meaning of Section 1981.

44.     Defendants discriminated against Plaintiff by denying him the same rights enjoyed by non-Hispanic employees with regard to compensation and the enjoyment of all benefits, privileges, terms and conditions of that relationship.

45.     Defendants' conduct was intentional, deliberate, willful, and conducted in callous disregard of Plaintiff's rights.

46. As a result of Defendant's discriminatory acts, Plaintiff has suffered the loss of past earnings and has suffered other monetary damages and compensatory damages for, *inter alia*, mental anguish, emotional distress, and humiliation.

47. Plaintiff has been damaged in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION
### NEW YORK STATE HUMAN RIGHTS LAW

48. Plaintiff alleges and re-alleges the paragraphs above.

49. At all times material herein, Defendants were Plaintiff's employer within the meaning of the New York State Human Rights Law.

50. Defendants discriminated against Plaintiff by denying him the same rights enjoyed by non-Hispanic employees with regard to compensation and the enjoyment of all benefits, privileges, terms and conditions of that relationship.

51. By determining employees' compensation, Mike and Tommy directly participated in, aided and abetted the unlawful pay discrimination against Plaintiff on the basis of his race.

52. Defendants' conduct was intentional, deliberate, willful, and conducted in callous disregard of Plaintiff's rights.

53. As a result of Defendant's discriminatory acts, Plaintiff has suffered the loss of past earnings and has suffered other monetary damages and compensatory damages for, *inter alia*, mental anguish, emotional distress, and humiliation.

54. Plaintiff has been damaged in an amount to be determined at trial.

### SIXTH CAUSE OF ACTION
### NEW YORK CITY HUMAN RIGHTS LAW

55. Plaintiff alleges and re-alleges the paragraphs above.

56. Prior to filing this Complaint, Plaintiff served a copy of this Complaint upon the New York City Commission on Human Rights and the Corporation Counsel of the City of New York in accordance with N.Y.C. Admin. Code § 8-502(c).

57. At all times material herein, Defendants were Plaintiff's employer within the meaning of the New York State Human Rights Law.

58. Defendants discriminated against Plaintiff by denying him the same rights enjoyed by non-Hispanic employees with regard to compensation and the enjoyment of all benefits, privileges, terms and conditions of that relationship.

59. Defendants' conduct was intentional, deliberate, willful, and conducted in callous disregard of Plaintiff's rights.

60. As a result of Defendant's discriminatory acts, Plaintiff has suffered the loss of past earnings and has suffered other monetary damages and compensatory damages for, *inter alia*, mental anguish, emotional distress, and humiliation.

61. Plaintiff has been damaged in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION
## ASSAULT & BATTERY

62. Plaintiff alleges and re-alleges the paragraphs above.

63. Mike's intentional assault of Plaintiff caused Plaintiff to be placed in reasonable fear of imminent harmful and offensive bodily contact.

64. Mike intentionally and wrongfully engaged in physical contact with Plaintiff without Plaintiff's consent, injuring Plaintiff.

65. The assault and battery by Mike was not brought on by Plaintiff, nor did Plaintiff provoke Mike into committing the said assault and battery upon him.

66. As a result of the assault and battery, Plaintiff suffered and continues to suffer great physical and mental pain, anguish and distress.

67. Plaintiff has been damaged in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

68. Plaintiff alleges and re-alleges the paragraphs above.

69. Mike's malicious and wrongful conduct against Plaintiff was extreme and outrageous, exceeding all possible bounds of decency.

70. Mike's malicious and wrongful conduct caused Plaintiff great physical pain and emotional distress.

71. By his malicious and wrongful conduct, Mike intended to cause, or with wanton and reckless abandon did cause, Plaintiff great emotional distress.

72. As a result of Mike's conduct, Plaintiff suffered anxiety, loss of sleep and other psychological injuries.

73. By reason of the foregoing, Plaintiff is entitled to compensatory damages in an amount to be determined at trial.

74. Plaintiff is also entitled to punitive damages in an amount to be determined at trial based on Mike's extreme and outrageous conduct.

## NINTH CAUSE OF ACTION
## PRIMA FACIE TORT

75. Plaintiff alleges and re-alleges the paragraphs above.

76. The sole motivation for Mike's malicious and wrongful acts against Plaintiff was malevolence.

77. Mike's malicious and wrongful acts were directed solely against Plaintiff and intended to harm him.

78. There existed no legal or social justification for Mike's malicious and wrongful acts against Plaintiff.

79. Mike's wrongful and malicious acts caused Plaintiff to incur special damages.

80. By reason of the foregoing, Plaintiff is entitled to compensatory damages in an amount to be determined at trial.

81. Plaintiff is also entitled to punitive damages in an amount to be determined at trial based on Mike's extreme and outrageous conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that this Court enter judgment against Defendants:

(a) Declaring that Defendants have violated the overtime provisions of the FLSA and New York Labor Law;

(b) Declaring that Defendants have violated the Spread of Hours Wage Order of the New York Commission of Labor;

(c) Declaring that Defendants' violations of the FLSA and New York Labor Law were willful;

(d) Awarding Plaintiff damages for the amount of unpaid wages, including minimum wages, overtime premiums, and spread of hours pay under the FLSA and New York Labor Law;

(e) Awarding Plaintiff liquidated damages owed pursuant to 29 U.S.C. § 216(b) and N.Y. Lab. Law § 198;

(f) Awarding Plaintiff backpay and compensatory damages for unlawful discrimination based on Plaintiff's Fourth, Fifth, and Sixth Causes of Action;

(g) Awarding Plaintiff compensatory and punitive damages for Plaintiff's Seventh, Eighth and Ninth Causes of Action;

(h) Awarding Plaintiff prejudgment interest;

(i) Awarding Plaintiff the expenses incurred in this action, including costs and attorneys' fees; and

(j) For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all claims so triable.

Dated: New York, New York
June 6, 2006

MICHAEL FAILLACE & ASSOCIATES, P.C.

By: _____/s/_____
Michael A. Faillace, Esq. [MF-8436]
110 East 59th Street, 32nd Floor
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*