# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

110 East 59th Street, 32nd Floor                         Telephone: (212) 317-1200
New York, New York 10022                                 Facsimile: (212) 317-1620
_____

Faillace@employmentcompliance.com

February 19, 2007

*VIA ECF*

Hon. Ronald L. Ellis
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1970
New York, New York 10007-1312

           Re:   *Rengifo v. Erevos Enterprises, Inc. et al.*
                  06 Civ. 4266 (SHS) (RLE)

Dear Judge Ellis:

      We represent the plaintiff, Willy Rengifo, Plaintiffs in the above case. We write pursuant to Local Rule 37.2 as a result of the defendants= unwillingness to enter into a proposed stipulation and protective order pursuant to FED.R.CIV.P. 26(c) to bar discovery related to Plaintiff=s immigration status, social security number, and authorization to work in the United States. A copy of the proposed stipulation and order is attached.

      This is an action for unpaid overtime under the FLSA and New York Labor Law against the Rengifo=s former employers, for whom he worked as a construction worker. Rengifo also asserts claims of race discrimination under 42 U.S.C. ' 1981 and the New York State and City Human Rights laws, and common law tort claims stemming from an assault on him by one of the individual defendants when the defendants terminated Rengifo=s employment.

      Courts have the authority to issue any protective order Awhich justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense,@ and may mandate Athat certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters.@ FED.R.CIV.P. 26(c). The *in terrorem* effect of inquiring into a party's immigration status is sufficient to demonstrate Agood cause@ when the question of immigration status only goes to a collateral issue. *Topo v. Dhir*, 210 F.R.D. 76, 78 (S.D.N.Y. 2002); *see also EEOC v. First Wireless Group, Inc.*, 225 F.R.D. 404 (E.D.N.Y. 2004) (granting protective order because discovery of plaintiffs= immigration status would cause them embarrassment and possible criminal charges or deportation if their status was found to be illegal); *Flores v. Amigon, d/b/a La Flor Bakery*, 233 F.Supp.2d 462 (E.D.N.Y. 2002) (granting protective order because plaintiff's immigration documents, social security number, and passports were not relevant to defendant=s defense). In this case, Plaintiff=s immigration status is not relevant to the substance of this action, and even if relevant, the potential for prejudice far outweighs whatever minimal probative value such information would have. Therefore, there is

Hon. Ronald L. Ellis
February 19, 2007
Page 2

good cause for the Court to grant Plaintiff=s request for a protective order because of the powerful deterrent effect that the disclosure of such information would have on Plaintiff=s assertion of their workplace rights and the lack of prejudice to Defendants.

## I.     Plaintiff=s Immigration and Employment Tax Status is Not Relevant to the Issues

Whether Plaintiff is authorized to work in this country and whether he has used inappropriate documentation with respect to his immigration status has no bearing on his right to recover unpaid wages under the FLSA or the NYLL. *See Liu v. Donna Karan International, Inc.*, 207 F. Supp. 2d 191, 193 (S.D.N.Y. 2002), citing *Patel v. Quality Inn South*, 846 F.2d 700 (11th Cir. 1988), *cert. denied*, 489 U.S. 1011 (1989) (undocumented workers have the same rights to be paid the minimum wage and overtime as documented workers); *Nizamuddowlah v. Bengal Cabaret, Inc.*, 69 A.D.2d 875 (2d Dep't 1979) (undocumented employee entitled to payment under the New York State minimum wage law for time worked but not paid). A growing chorus of courts, as well as the United States Department of Labor and the Office of the Attorney General of the State of New York, have upheld undocumented workers= rights to seek relief for work *already* performed under the FLSA, finding that the Supreme Court=s concerns in *Hoffman Plastic Compounds, Inc. v. NLRB*, 535 U.S. 137 (2002) only apply to preclude backpay awards for work *not yet* performed.[1]

## II.     Disclosure Would Have An Unacceptable Chilling Effect

The majority of post-*Hoffman* cases considering discovery issues have denied employers= attempts to ascertain Plaintiff=s immigration status, observing that irrelevant inquiries into a worker's immigration status would both create a chilling and intimidating effect upon the willingness of individuals to assert their workplace rights, and render the FLSA impotent as a means for protecting undocumented workers from exploitation. *See, e.g.*, *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1064 (9th Cir. 2004), *cert. denied*, 125 S. Ct. 1603 (2005); *Liu,* 207 F. Supp. 2d at 193 (S.D.N.Y. 2002); *Flores*, 233 F. Supp. 2d at 464-65 n.2; *Ansoumana v. Gristede's Oper. Corp.*, No. 00 Civ. 0253 (AKH) (S.D.N.Y. Nov. 8, 2000). Significantly, the Ninth Circuit noted in *Rivera* that undocumented workers not only face the possibility of retaliatory discharge for an assertion of their rights, but also confront the harsher reality that their employer will likely report them to the INS and they will be subjected to deportation proceedings or criminal prosecution. Moreover, the courts in *Liu* and *Flores* found that discovery into the Plaintiff=s immigration status was irrelevant and posed a serious risk of injury to the plaintiffs, outweighing any need for disclosure.

---

[1] *See, e.g., Zavala v. Wal-Mart Stores*, 393 F. Supp. 2d 295 (D.N.J. 2005); *Liu v. Donna Karan International, Inc.*, 207 F. Supp. 2d 191, 193 (S.D.N.Y. 2002); *Cortez v. Medina's Landscaping*, 2002 U.S. Dist. LEXIS 18831 (N.D. Ill. Sept. 30, 2002); *Flores v. Alberton's, Inc.*, 2002 WL 1163623 (C.D. Cal. Apr. 9, 2002). See also Employment Standards Administration Wage and Hour Division, U.S. Dep't of Labor, Fact Sheet #48: Application of U.S. Labor Laws to Immigrant Workers: Effect of Hoffman Plastics decision on laws enforced by the Wage and Hour Division, available at http://www.dol.gov/esa/regs/compliance/whd/whdfs48.htm; Office of the Attorney General of the State of New York, Formal Opinion No. 2003-F3, 2003 N.Y. Op. Att'y Gen. 3.

Hon. Ronald L. Ellis
February 19, 2007
Page 3

      Moreover, any effort by the defendants to obtain Rengifo's immigration information in the guise of credibility material goes too far afield from the issues in the case to be allowed in discovery. While a witness' credibility is arguably always at issue, Courts have recognized that such does not mean that unlimited exploration on the subject is permitted. *See Ansoumana*, 201 F.R.D., 81, 87 (S.D.N.Y. 2001). In this case, the damage and prejudice which would result to Rengifo if discovery into his immigration status is permitted far outweighs its probative value on the FLSA and New York Labor Law issues. That is equally true with respect to Rengifo's civil rights and tort claims.

      Finally, disclosure of Rengifo's immigration status would constitute an unacceptable burden on public interest. In contravention of the Congressional intent underlying the Immigration Reform and Control Act of 1986 ("IRCA"), it is understandable, but no less unavailing, why employers would want to employ undocumented workers and then abrogate all responsibilities for adhering to statutory mandates for overtime pay. Allowing such inquiries would also serve as a disincentive for undocumented workers to come forward and unfairly burden those most in need of the law's protection. *See Mitchell v. Robert de Mario Jewelry, Inc.*, 361 U.S. 288, 292 (1960) (effective enforcement of the FLSA requires minimizing potential for adverse consequences to employees seeking to enforce their statutory rights). Insofar as Rengifo is entitled to the protection of the civil rights laws and the common law of torts, regardless of his immigration status, the same reasoning applies to those claims as well.

      For the reasons set forth above, Plaintiff's proposed protective order is appropriate and should be entered by the Court.

                          Respectfully submitted,

                          /s/

                          Michael A. Faillace

Cc:    Sergey Leonidov, Esq. (via facsimile 212-354-9873)

MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace, Esq. [MF-8436]
110 East 59th Street, 32nd Floor
New York, New York 10022
(212) 317-1300
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
WILLY RENGIFO,  06 CV 4266 (SHS) (RLE)

              *Plaintiff*,

                                      **STIPULATION AND**
        -against-                        **PROTECTIVE ORDER**

EREVOS ENTERPRISES, INC., URANOS
CONSTRUCTION CORP., MIHAIL
VASTARDIS & TOMMY VASTARDIS,

                                       **ECF Case**

              *Defendants.*
---------------------------------------------------------X

      The parties, by their respective undersigned counsel, hereby stipulate and agree as follows:

      1.    Defendants shall not seek discovery in this action as to plaintiff's immigration status, social security and/or tax ID number, or authorization to work in the United States.

      2.    Defendants shall not utilize in litigation or at trial in this action information as to plaintiff's immigration status, social security and/or tax ID number, or authorization to work in the United States, unless such information is first placed in issue by the plaintiff.

Dated: New York, New York
       January 10, 2007

| | |
|---|---|
| BERMAN, PALEY, GOLDSTEIN & KANNRY, LLP | MICHAEL FAILLACE & ASSOCIATES, P.C. |
| By: _____<br>Sergey Leonidov, Esq. [SL-4579]<br>500 Fifth Avenue<br>New York, New York 10110<br>(212) 354-9600<br>*Attorneys for Defendants* | By: _____<br>Michael Faillace [MF-8436]<br>110 East 59th Street, 32nd Floor<br>New York, New York 10022<br>(212) 317-1200<br>*Attorneys for Plaintiff* |

SO ORDERED:

_____
U.S.M..J.