UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| WILLY RENGIFO, | : | |
| | : | |
| Plaintiff, | : | |
| | : | **OPINION AND ORDER** |
| - against - | : | |
| | : | 06 Civ. 4266 (SHS) (RLE) |
| EREVOS ENTERPRISES, INC., et al., | : | |
| | : | |
| Defendants. | : | |

**RONALD L. ELLIS, United States Magistrate Judge:**

## I.  INTRODUCTION

Plaintiff, Willy Rengifo ("Rengifo"), requests this Court to issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) barring discovery related to his immigration status, social security number, and authorization to work in the United States.   Defendants have refused to enter into a stipulation and protective order, and oppose this request, asserting that the proposed order would preclude discovery that goes directly towards Rengifo's claims, as well as to his credibility.   For the reasons set forth below, Rengifo's request is **GRANTED**.

## II.  BACKGROUND

Rengifo brings this action against his former employers to recover unpaid overtime wages under the Federal Labor Standards Act ("FLSA") and New York Labor Law.  *See* Complaint ("Compl.") ¶ 3.  He also alleges racial discrimination under 42 U.S.C. § 1981 and New York State and City Human Rights Laws, and common law tort claims based on an alleged assault on him by one of the named defendants.  **Id**. at ¶ 2-3.  Defendants deny the allegations, and claim that Rengifo was fired because he threatened and attempted to harm one of the named defendants.  Answer and Counterclaims ("Answer") at ¶ 37.

### III.  ANALYSIS

**A. Standard for Granting Protective Order**

According to Rule 26(b) of the Federal Rules of Civil Procedure, a party "may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." Fed.R.Civ.P. 26(b)(1).   Rule 26(c) authorizes courts, for good cause, to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters . . . " Fed.R.Civ.P. 26(c).  "[T]he burden is upon the party seeking non-disclosure or a protective order to show good cause."  **Dove v. Atlantic Capital Corp**., 963 F.2d 15, 19 (2d Cir.1992) (citations omitted).

**B.  Good Cause Showing**

Rengifo argues that discovery related to his immigration status, authorization to work in this country, and social security number are not relevant to his right to recover unpaid wages. Further, Rengifo argues that the intimidating effect of requiring disclosure of immigration status is sufficient to establish "good cause" when the question of immigration status only goes to a collateral issue.  Defendants argue that documents containing Rengifo's social security number or tax identification number, such as tax returns, are relevant to the issue of whether he is entitled to overtime wages, which is a central issue in this case.  Additionally, defendants argue that the validity of Rengifo's social security number, his immigration status and authorization to work in this country are relevant to his credibility.

2

### 1. Relevance of Immigration Status and Authorization to Work in this Country to an Action to Recover Unpaid Overtime Pay[1]

As stated above, this is an action for unpaid overtime under the FLSA and New York Labor Law.  Courts have recognized the *in terrorem* effect of inquiring into a party's immigration status and authorization to work in this country when irrelevant to any material claim because it presents a "danger of intimidation [that] would inhibit plaintiffs in pursuing their rights." **Liu v. Donna Karan International, Inc**., 207 F. Supp. 2d 191, 193 (S.D.N.Y. 2002) (citations omitted).  Here, Rengifo's immigration status and authority to work is a collateral issue.  The protective order becomes necessary as "[i]t is entirely likely that any undocumented [litigant] forced to produce documents related to his or her immigration status will withdraw from the suit rather than produce such documents and face . . . potential deportation."  **Topo v. Dhir**, 210 F.R.D. 76, 78 (S.D.N.Y. 2002) (*quoting* **Flores v. Albertsons Inc**., 2002 WL 1163623, *6 (C.D. Cal. Apr. 9, 2002)); *see also* **EEOC v. First Wireless Group, Inc**., 225 F.R.D. 404 (E.D.N.Y. 2004) (good cause shown for protective order where disclosure of immigration status would cause embarrassment, potential criminal charges, or deportation if status was discovered to be illegal).

---

[1] While neither party addresses the relevance of the sought after information with regard to his civil rights or tort claims, Rengifo argues that the damage and prejudice which would result to him if discovery into his immigration status were permitted far outweighs its probative value with respect to his discrimination and tort claims.  This Court agrees.  Even if Rengifo's immigration status were relevant to his race discrimination and tort claims, discovery of such information would have an intimidating effect on an employee's willingness to assert his workplace rights.  *See, e.g.*, **Rivera v. NIBCO, Inc**., 364 F.3d 1057, 1065 (9th Cir. 2004) ("[W]ere we to direct district courts to grant discovery requests for information related to immigration status in every case involving national origin discrimination under Title VII, countless acts of illegal and reprehensible conduct would go unreported.").

**2.  Relevance of Social Security Number/Tax Identification Number to an Action to Recover Unpaid Overtime Pay**

Rengifo also seeks to prevent disclosure of his social security number or tax identification number.   Defendants note that, in support of his claim for unpaid overtime wages, Rengifo has produced an incomplete set of pay stubs that do not reflect all of the compensation he has received from corporate defendants, and that he has not produced any records regarding the number of hours he has worked on a weekly basis.  Defendants contend, therefore, that discovery of documents containing his tax identification number or social security number, such as tax returns, is necessary and relevant to obtain this information.

In order to obtain disclosure of tax returns, defendants must satisfy a two-pronged test: "first, the court must find that the returns are relevant to the subject matter of the action; and second, that there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable." **E.E.O.C. v. First Wireless Group, Inc**., 225 F.R.D. at 406 (*quoting* **S.E.C. v. Cymaticolor Corp**., 106 F.R.D. 545, 547 (S.D.N.Y.1985).  Defendants have failed on both prongs.  The information sought is not relevant to the claims in this case.  Even if it were, however, the corporate defendants possess relevant data on hours and compensation, and there is no reason to assume that defendants' records are less reliable than any records maintained by Rengifo.

**B.  Rengifo's Credibility**

Defendants also assert that the documents requested would allow them to test the truthfulness of Rengifo's representations to his employer.  They argue that by applying for a job and providing his social security number, Rengifo represented to defendants that he was a legal

resident and they are entitled to test the truthfulness of that information.  Defendants further argue that if Rengifo filed tax returns, this information would be relevant to his overtime claim, but if he failed to file tax returns, this fact would affect the veracity of statements he would potentially make at trial.

While it is true that credibility is always at issue, that "does not by itself warrant unlimited inquiry into the subject of immigration status when such examination would impose an undue burden on private enforcement of employment discrimination laws."  **Avila-Blum v. Casa de Cambio Delgado**, **Inc**., 236 F.R.D. 190, 192 (S.D.N.Y. 2006).   A party's attempt to discover tax identification numbers on the basis of testing credibility appears to be a back door attempt to learn of immigration status.  *See* **E.E.O.C. v. First Wireless Group, Inc**., 2007 WL 586720, *2 (E.D.N.Y. Feb. 20, 2007).   Further, the opportunity to test the credibility of a party based on representations made when seeking employment does not outweigh the chilling effect that disclosure of immigration status has on employees seeking to enforce their rights.  "While documented workers face the possibility of retaliatory discharge for an assertion of their labor and civil rights, undocumented workers confront the harsher reality that, in addition to possible discharge, their employer will likely report them to the INS and they will be subjected to deportation proceedings or criminal prosecution."  **Rivera v. NIBCO, Inc**., 364 F.3d 1057, 1064 (9th Cir. 2004).  Granting employers the right to inquire into immigration status in employment cases would allow them to implicitly raise threats of such negative consequences when a worker reports illegal practices.  **Id**. at 1065.

While defendants suggest a compromise whereby discovery would be limited to the present litigation and not disclosed to any third party for any purpose beyond this litigation, the

limitation does not abate the chilling effect of such disclosure. "Even if the parties were to enter into a confidentiality agreement restricting the disclosure of such discovery. . . , there would still remain 'the danger of intimidation, the danger of destroying the cause of action' and would inhibit plaintiffs in pursuing their rights." **Liu**, 207 F. Supp. 2d at 193 (*quoting* **Ansoumana v. Gristede's Operating Corp.**, 201 F.R.D. 81 (S.D.N.Y. 2001)). This Court finds that defendants' opportunity to test the credibility of Rengifo does not outweigh the public interest in allowing employees to enforce their rights.

## IV. CONCLUSION

For the foregoing reasons, Rengifo's application for a protective order barring defendants from inquiring into his immigration status, social security number or tax identification number, and authorization to work in the United States is **GRANTED**.

Defendants shall not seek through discovery, nor utilize in litigation or at trial in this action, information as to Rengifo's immigration status, social security and/or trial number, or authorization to work in the United States, unless such information is first placed in issue by Rengifo.

**SO ORDERED this 20th day of March 2007**
**New York, New York**

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

6