UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLY RENGIFO,

                **Plaintiff,**

       - against -

EREVOS ENTERPRISES, INC., et al.,

                **Defendants.**

**OPINION AND ORDER**

**06 Civ. 4266 (RLE)**

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

Plaintiff, Willy Rengifo ("Rengifo"), seeks an order compelling defendants to supplement their responses to his First Request for the Production of Documents ("Doc. Req."), served on September 22, 2006, and for defendants to pay all reasonable expenses, including attorney's fees, incurred in making this motion, pursuant to Federal Rules of Civil Procedure 37(a)(4). Plaintiff's Motion to Compel ("Mot. Comp.") at 1. Rengifo's motion to compel was filed on May 4, 2007. Defendants and counter-claimants– Erevos Enterprises, Inc., Uranos Construction Corp., Mihail Vastardis, and Tommy Vastardis (collectively, "defendants")– oppose the motion and maintain that they have provided all documents within their possession, custody and control. Declaration of Sergey Leonidov in Opposition to Plaintiff's Motion to Compel ("Def. Opp.") at 4. For the reasons set forth below, Rengifo's motion to compel is **GRANTED**.

## II. BACKGROUND

Rengifo brings this action against his former employers to recover unpaid overtime wages under the Federal Labor Standards Act ("FLSA") and New York Labor Law. *See* Complaint ("Compl.") ¶ 3. He also alleges racial discrimination under 42 U.S.C. § 1981 and New York

State and City Human Rights Laws, and common law tort claims based on an alleged assault on him by one of the named defendants.  **Id**. at ¶ 2-3.  Defendants deny the allegations, and claim that Rengifo was fired because he threatened and attempted to harm one of the named defendants.  Answer and Counterclaims ("Answer") at ¶ 37.

On September 22, 2006, Rengifo served his first request for the production of documents and interrogatories for each of the four defendants.  On January 12, 2007, the original deadline for discovery was set for April 16, 2007.  On February 1, 2007, in response to document request number 53, defendants produced photocopies of Rengifo's pay stubs and payment checks issued from Uranos Construction Corporation for July 2004 through April 2006.  Defendants did not include any documents responsive to other document requests or any responses to the interrogatories. On February 28, 2007, Rengifo sent a letter to defendants seeking further responses.  On March 22, 2007, Rengifo contacted defendants again and was advised that Tommy Vastardis would be leaving the country for two months to attend to an ill sister and would not be available to attend the deposition scheduled for the following week, or for any time before the close of discovery.  Defendants also informed Rengifo that they had not obtained the documents responsive to his requests.   The following day, Rengifo contacted the Court to report this scheduling dispute.  The parties appeared for a telephone conference before the Court during which Rengifo consented to an extension of the discovery deadline, and the parties were instructed to confer and propose extension dates.  On April 2, 2007, the parties' proposed discovery deadlines were ordered by the Court, setting the deadline for paper discovery for April 26, 2007, and depositions for May 26, 2007.  Subsequently, a status conference was held on April 10, 2007, at which counsel for defendants stated that he would be away for a week in May,

and would be unable to schedule depositions during that time. The Court informed the parties that no further extensions would be granted, and they were to comply with the discovery deadlines set on April 2, 2007.

On April 24, 2007, two days before the end of the paper discovery deadline, Rengifo telephoned defendants in another attempt at securing the requested discovery, and was informed that defendants had not yet retrieved any documents responsive to his demands. On the day of the paper discovery deadline, April 26, 2007, defendants faxed answers to three of the four defendants' interrogatories, and written responses to Rengifo's document requests, but did not produce any further documents. Rengifo received the hard copies of the three interrogatories and the response to the document requests on April 30, 2007, but no documents were produced. In a letter accompanying that production, defendants stated that they were unable to obtain defendant Tommy Vastardis's interrogatory answers because he was still in Europe attending to his ill sister. That letter also informed Rengifo of defendants' intentions to obtain two W-2 forms pertaining to Rengifo. Copies of those forms were subsequently forwarded to Rengifo on May 22, 2007. Rengifo claims that on May 2, 2007, he telephoned defendants to ask why defendants had failed to produce any documents. Defendants responded that no documents had yet been retrieved.

Defendants claim that Rengifo "never raised an issue with the written discovery responses served by defendants on April 26, 2007." Def. Opp. at 2. Defendants state that in a telephone conversation with Rengifo on May 4, 2007, counsel for defendants informed Rengifo that he had no further responsive documents in his possession and he would be leaving for vacation and would not be able to forward any documents from his clients during that time. After that

conversation, counsel for defendants advised plaintiffs that copies of Rengifo's pay stubs for Erevos Enterprises were located and would be produced. Defendants claim that the originals were to be delivered by May 23, 2007, and then were to be served on Rengifo "within the next two or three days." Def. Opp. at 3.

### III.  DISCUSSION

**A.  Legal Standard**

The Court has broad discretion in managing discovery. **Wills v. Amerada Hess Corp.**, 379 F.3d 32, 41 (2d Cir. 2004); **In re Fitch, Inc.**, 330 F.3d 104, 108 (2d Cir. 2003); **Cruden v. Bank of New York,** 957 F.2d 961, 972 (2d Cir. 1992). Under Rules 16 and 37, the Court may impose sanctions for discovery-related abuses. FED. R. CIV. P. 16, 37.

Under Rule 34(a), a party may serve on any other party a request to produce any documents that are in the "possession, custody, or control of the party upon whom the request is served," regarding any matter, not privileged, that is relevant to the claim or defense of any party. FED. R. CIV. P. 34(a), 26(b)(1). The party served must respond in writing within 30 days. FED. R. CIV. P. 34(b). If a party fails to respond to a request for the production of documents, the discovering party may move for an order to compel discovery, and must provide certification that the movant has first made a good faith attempt to resolve the dispute with the other party. FED. R. CIV. P. 37(a)(2)(B). If the motion to compel is granted, or if requested discovery is provided after the motion was filed, the court shall require non-compliant party to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that motion was filed without a good faith attempt was made to obtain discovery, or the opposing party's nondisclosure was substantially justified, or that an award of expenses and fees

would be unjust under the circumstances.  FED. R. CIV. P. 37 (a)(4)(A).

### III.  DISCUSSION

**A.  Interrogatory of Tommy Vistardis**

While defendants produced the interrogatory answers for three of the defendants on April 26, 2007, they have failed to produce the answers for defendant, Tommy Vistardis.  Tommy Vistardis is a party to this action, and subject to discovery under Rule 33.  On March 22, 2007, defendants were aware that Tommy Vistardis would be leaving the country at least three weeks prior to the original discovery deadline, and six months after being served with interrogatories.  Additionally, the parties received a discovery extension, which allowed an additional ten days for completion of paper discovery. While defendants claim that Tommy Vistardis is still out of the country, they have provided no justification for his failure to respond either during the six months before he left, or while he is away.

**B.  Documents**

Defendants have produced documents in response to only one of the sixty-seven document requests (number 53), which demanded documents concerning the amount of compensation received by Rengifo during his employment.  That production was made on February 1, 2007– more than three months after receipt of the document request.  On the last day of paper discovery, defendants faxed to plaintiff a response to the document requests, in which they objected to fory-three of the sixty-seven requests.  They claimed that twelve of the requests were not within defendants' possession, custody, and control, but agreed to produce responses to six requests, to the extent that such documents were in their possession, custody, or control.

As an initial matter, defendants have failed to produce the documents they admit were in

5

their custody or control. Defendants offer no explanation for this failure. With respect to the documents which defendants assert are not within their custody or control, they fail to provide any information on the location or custodian of such documents. This is especially troubling since some of the documents would normally be under their custody or control.

This Court finds that defendants have breached their discovery obligations by failing to produce the answers to the interrogatories of Tommy Vistardis, and by failing to produce the documents they agreed to produce, and by failing to provide an explanation for the failure to produce. . The record demonstrates that Rengifo has attempted, in good faith, to obtain discovery in this matter; defendants provide no substantial justification for its nondisclosure of discoverable material; nor have they provided any evidence that an award of expenses would be unjust. Therefore, Rengifo's motion to compel discovery is **GRANTED**, and Rengifo is entitled to the reasonable costs, including attorney's fees, in making this motion.

## IV. CONCLUSION

For the reasons set forth above, Rengifo's motion to compel discovery is **GRANTED**, and Rengifo is directed to produce proof of the reasonable expenses and attorney's fees incurred in making this motion by **July 6, 2007.** Defendants are ordered to produce any documents within their control by **July 6, 2007.** With regard to discoverable documents defendants claim are not within their possession, custody, or control, defendants are ordered to provide the name and contact information for the custodian of such documents, and to explain why they are not able to secure such documents, by **July 6, 2007.**

SO ORDERED this 25th day of June 2007
New York, New York

*[signature]*

The Honorable Ronald L. Ellis
United States Magistrate Judge